IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHEET METAL WORKERS'           :           CIVIL ACTION
INTERNATIONAL ASSOCIATION      :
LOCAL UNION NO. 19             :
                               :
          v.                   :
                               :
KEATING BUILDING CORPORATION,  :
et al.                         :           NO. 09-316

MEMORANDUM

Bartle, C.J.                                    May 13, 2009

        This is a labor dispute brought under § 301(a) of the

Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

Plaintiff Sheet Metal Workers' International Association Local

Union No. 19 ("Local 19") seeks damages against the defendants,

the School District of Philadelphia (the "School District") and

several contractors[1] for breach of contract in connection with

the construction of nine Philadelphia schools.  In counts one

through eight of the amended complaint Local 19 brings a separate

claim for relief against each of the eight contractors.  In count

nine it seeks relief against the School District.

        The School District moves to dismiss count nine for

lack of subject matter jurisdiction under Rule 12(b)(1) of the

_____

1.  The defendant contractors include:  Domus, Inc., John S.
McManus, Inc., Hunter Roberts Construction Group, Ernest Bock and
Sons, Thomas P. Carney, Inc., Daniel J. Keating Company, who was
misidentified in the initial complaint as Keating Building
Corporation, and Towne and Country Roofing and Siding, Inc., who
is misidentified in the official caption as Town and Country Inc.

Federal Rules of Civil Procedure.  Defendants Daniel J. Keating Company ("Keating") and Towne and Country Roofing and Siding, Inc. ("Towne & Country") also jointly move to dismiss the amended complaint for lack of subject matter jurisdiction under Rule 12(b)(1).  If the court has subject matter jurisdiction, Keating and Towne & Country maintain that the amended complaint fails to state a claim under Rule 12(b)(6) and that any claims based on the Audenreid School Project, specifically, fail to state a claim.  They also move for a more definite statement of the amended complaint under Rule 12(e).

I.

The following is a summary of the facts as alleged in the amended complaint.  On or about April 13, 2006, the School District entered into a contract with a number of unions, including Local 19, known as the "Partnership Agreement Between the School District of Philadelphia and the Philadelphia Building Trades" (the "Partnership Agreement").  One of the purposes of the Partnership Agreement was to provide for the timely and efficient completion of School District construction projects and to ensure that any labor disputes arising out of such construction projects would be resolved promptly without resort to strikes.

Under the Partnership Agreement the School District promised to require any contractor it hired who performed work within the scope of the agreement to "accept and to be bound by the terms and conditions of this [Partnership] Agreement."

Partnership Agreement at 4.   Central to this lawsuit is a craft jurisdiction clause, which states:  "This Agreement shall generally recognize the traditional craft jurisdiction of the signatory unions except as modified by agreement as necessary for the cost-effective completion of project[s] covered by this Agreement and shall require signatory contractors to abide by said traditional craft jurisdiction."  Id.  Also at issue is a provision for the creation of a Partnership Committee, appointed in part by the School District, to adjudicate disputes arising out of the agreement.  Id. at 11-12.

        Local 19 alleges that each of the contractor defendants agreed to be bound by the terms of the Partnership Agreement.  It further claims that the School District and each of the contractor defendants breached the Partnership Agreement by failing to recognize the traditional craft jurisdiction of the plaintiff sheet metal workers in assigning work on certain school construction projects.  While Local 19 asserts that it filed a grievance in each instance, it pleads that no Partnership Committee hearing was held and that the School District has refused to appoint members to the Committee.

        The first eight claims in the amended complaint, as noted above, are brought against individual contractors, including claim one against Keating and claim eight against Towne & Country.  Local 19 alleges in claim one that as a result of Keating's breaches, Local 19 members were deprived of wages and benefits totaling $160,800 for the Audenried School project and

$80,400 for the Commodore Barry School project.  With respect to Towne & Country, Local 19 alleges in claim eight that as a result of its breaches, Local 19 members were deprived of wages and benefits totaling $33,500 for the Lincoln High School project, $160,800 for the Audenried School project, and $13,400 for the Vaux Middle School project.  Local 19 asserts in each of its eight claims for relief against the contractors that the School District is jointly and severally liable for the lost wages and benefits flowing from the named projects.  The ninth claim is brought against the School District alone.  It incorporates by reference all previous paragraphs of the amended complaint and requests $576,200 in damages and an order compelling the School District to convene the Partnership Committee.

## II.

The School District moves to dismiss claim nine for lack of subject matter jurisdiction.  It brings a facial attack under Rule 12(b)(1).  See Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc., 673 F.2d 700, 711 (3d Cir. 1982). In a facial challenge to subject matter jurisdiction we consider the allegations in the complaint to be true.  Mortensen v. First Fed. Sav. & Loan Ass'n., 549 F.2d 884, 891 (3d Cir. 1977).  "A district court can grant a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based on the legal insufficiency of a claim. But dismissal is proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial

and frivolous.'"  Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d

1406, 1408-09 (3d Cir. 1991) (quoting Bell v. Hood, 327 U.S. 678,

682 (1946)).

        According to the amended complaint, Local 19 brings its

claims under § 301(a) of the LMRA, which provides:

> Suits for violation of contracts between an
> employer and a labor organization
> representing employees in an industry
> affecting commerce as defined in this
> chapter, or between any such labor
> organizations, may be brought in any district
> court of the United States having
> jurisdiction of the parties, without respect
> to the amount in controversy or without
> regard to the citizenship of the parties.

29 U.S.C. § 185.  Local 19 now concedes that the School District

is not an "employer" within the meaning of § 301(a) and that

there is no federal question jurisdiction under the LMRA against

the School District.[2]  However, Local 19 also maintains in its

pleading that there is supplemental jurisdiction against the

School District for breach of contract under state law pursuant

to 28 U.S.C. § 1367, which provides:

> Except as provided in subsections (b) and (c)
> or as expressly provided otherwise by Federal
> statute, in any civil action of which the
> district courts have original jurisdiction,
> the district courts shall have supplemental
> jurisdiction over all other claims that are
> so related to claims in the action within
> such original jurisdiction that they form

---

2.  The School District has been designated a district in
distress and is presently operating under the authority of the
Pennsylvania School Reform Commission pursuant to 24 Pa. Cons.
Stat. § 6-696.  As such it is a "political subdivision" and not
an "employer" as defined by the LMRA.  See Manfredi v. Hazleton
City Auth., Water Dep't, 793 F.2d 101, 104 (3d Cir. 1986).

> part of the same case or controversy under
> Article III of the United States
> Constitution.  Such supplemental jurisdiction
> shall include claims that involve the joinder
> or intervention of additional parties.

28 U.S.C. § 1367(a).

The School District argues that on the face of the amended complaint supplemental jurisdiction cannot be exercised over it because Local 19 has not articulated a claim under state law.  We find this argument to be without merit.  In paragraph 22 of the amended complaint, for example, Local 19 alleges that the School District was "in breach of the Partnership Agreement."  Am. Compl. at ¶ 22.  This, however, does not end our jurisdictional analysis.  Whether we have subject matter jurisdiction over the School District depends on whether we have federal question jurisdiction under § 301(a) of the LMRA over the other defendants and, if so, whether the claims Local 19 brings against the School District "form part of the same case or controversy" as any claim brought against the contractors over which we have federal question jurisdiction.  29 U.S.C. § 1367; see Lyon v. Whisman, 45 F.3d 758, 760 (3d Cir. 1995).

### III.

Defendants Keating and Towne & Country move to dismiss the amended complaint for lack of subject matter jurisdiction under Rule 12(b)(1) on the ground that there is no contract between them and Local 19 as "an employer and a labor organization" within the meaning of § 301(a) of the LMRA.

Local 19 alleges in its amended complaint that Keating and Towne & Country "agreed to [be] bound by the terms of the Partnership Agreement, and at all material times relevant to this complaint [have] accepted and been bound to said agreement."  Am. Compl. at ¶ 18.  However, in support of its motion to dismiss, Keating has countered with an affidavit of Joseph Maloney, treasurer of Keating, who attests, "At no time has Keating ever signed or agreed to be bound by the School District's Partnership Agreement ....  At no time has Keating ever entered into an agreement of any type with Plaintiff Local 19."  Maloney Aff. at ¶¶ 5-6.  Keating and Towne & Country argue that the Partnership Agreement was a contract between the School District and various labor unions and that neither of them was a party to it or to any other contract with Local 19.  Br. at 5-6.  In essence, Keating and Towne & Country take the position that without a "direct contract" between Local 19 and themselves, the LMRA cannot apply to the claims against them because the dispute is not a "[s]uit[] for violation of contracts between an employer and a labor organization."  29 U.S.C. § 185.  We must therefore decide whether a dispute over the existence of a labor agreement, as opposed to its enforcement, is sufficient to trigger the court's federal question subject matter jurisdiction.  Our Court of Appeals has answered that it is.

In <u>Mack Trucks, Inc. v. International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, UAW</u>, plaintiff Mack Trucks ("Mack") and the defendant

labor union, the UAW, had been parties to a master collective

bargaining agreement and had engaged in protracted negotiations

concerning a new modified agreement.  856 F.2d 579, 581-82 (3d

Cir. 1988).  After the UAW sent Mack a letter denying the

existence of any new agreement, Mack filed suit in the United

States District Court under § 301(a) of the LMRA seeking a

declaratory judgment that a new collective bargaining agreement

existed and that it was valid and enforceable.  Id. at 583.  The

UAW contended that there was no federal subject matter

jurisdiction under § 301(a) because that section confers

jurisdiction only over allegations of violations of collective

bargaining agreements, not controversies concerning the actual

existence of a labor agreement.  Id. at 584.

     The court disagreed with the UAW and interpreted

§ 301(a) "in light of its legislative history, congressional

intent, and underlying policies," namely, a desire to "to expand,

not limit, the availability of forums for the enforcement of

contracts made by labor organizations."  Id. at 586-87.  Such an

approach echoed decades of Supreme Court pronouncements that in

crafting § 301(a) Congress was "concerned with reshaping labor-

management legal relations; and it was taking precise steps to

... eliminat[e] obstacles to suits in the federal courts" and to

end "checkerboard jurisdiction."  Retail Clerks Int'l Ass'n,

Local Unions Nos. 128 & 633 v. Lion Dry Goods, Inc., 369 U.S. 17,

27 (1962); Int'l Longshoremen's & Warehousemen's Union v. Juneau

Spruce Corp., 342 U.S. 237, 241-42 (1952).

-8-

Against this backdrop of federal policy, the court held

in <u>Mack Trucks</u> that subject matter jurisdiction was proper

> [w]hen, as here, a party seeks enforcement of
> a labor agreement, and the other party denies
> the contract's existence, the filing party's
> declaratory judgment action constitutes an
> "enforcement" action.  Congress intended that
> contractual disputes be resolved by courts
> applying "usual processes of the law." H.R.
> Rep. 510 at 42, U.S. Code Cong. Serv. 1947,
> at 1147.  These principles of law apply
> equally to cases involving breach of an
> acknowledged contract and those involving a
> dispute over the agreement's existence.

<u>Id.</u> at 588.  The court reiterated and expanded its holding in

<u>Mack Trucks</u> nine years later when the UAW was trying to establish

subject matter jurisdiction in a lawsuit it brought to repudiate

a labor agreement on the basis of fraudulent inducement.  <u>United</u>

<u>Auto., Aerospace & Agric. Implement Workers of Am., Int'l Union</u>

<u>v. Textron Lycoming Reciprocating Engine Div., Avco Corp.</u>, 117

F.3d 119 (3d Cir. 1997).  The court held:  "[W]e believe that the

language of <u>Mack Trucks</u> itself—that a suit 'involving a dispute

over the agreement's existence' is subject to § 301(a)

jurisdiction—compels the result that a party challenging an

agreement's existence can establish § 301(a) jurisdiction."  <u>Id.</u>

at 124.

In the matter presently before the court, Local 19 and

Keating and Towne & Country dispute whether or not they were all

party to a single labor agreement that governed the construction

of schools for the School District of Philadelphia.  Such a

dispute is exactly the sort of lawsuit that falls within the <u>Mack</u>

Trucks holding.  The fact that Keating has submitted an affidavit
attesting to the absence of a contract with Local 19 does not
negate our federal question jurisdiction under § 301(a) where, as
here, the plaintiff has alleged a contract existed.  We conclude
that the instant action is a "[s]uit[] for violation of contracts
between an employer and a labor organization" within the meaning
of § 301(a) of the LMRA and that we have subject matter
jurisdiction to decide which side is correct as to the existence
of such a contract.

Because federal question jurisdiction exists over the
claims against the contractors, we may exercise supplemental
jurisdiction over the School District if the claims against it
are related to the claims between Local 19 and the contractors so
as to form part of the same case or controversy.  See 28 U.S.C.
§ 1367; Lyon, 45 F.3d at 760.  The claims against the School
District involve the same contract, that is, the Partnership
Agreement, and the construction of the same nine schools as Local
19's claims against the contractors.  Therefore, all claims arise
out of the same case or controversy, and we have supplemental
jurisdiction over them.

Accordingly, we will deny both the motion of the School
District and the joint motion of Keating and Towne & Country to
dismiss the amended complaint for lack of subject matter
jurisdiction.

IV.

Keating and Towne & Country move in the alternative to dismiss the amended complaint under Rule 12(b)(6) for failure to state a claim.  They contend that there was no contract between them and the plaintiff and that therefore Local 19 cannot state a claim for breach of contract under Pennsylvania law.

In ruling on a 12(b)(6) motion to dismiss, we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  We may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting In re Donald J. Trump Casino Sec. Litig., 7 F.3d 357, 368 n.9 (3rd Cir. 1993)).  A court must deny a motion to dismiss if the plaintiff has stated "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element[s]" of the cause of action.  Id. at 234 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

Taking the facts alleged in the amended complaint as true, Local 19 states a claim for breach of contract under Pennsylvania law.  See Omicron Sys., Inc. v. Weiner, 860 A.2d 554, 564 (Pa. Super. 2004).  It has alleged that the defendants

agreed to be bound by the terms of the Partnership Agreement, including the craft jurisdiction clause, that they breached the agreement by failing to recognize the traditional craft jurisdiction of Local 19 when they assigned work on certain school construction projects, and that the breach deprived Local 19 members of certain wages and benefits.

Keating again relies on its affidavit which states, "At no time has Keating ever entered into an agreement of any type with Plaintiff Local 19."  Maloney Aff. at ¶ 6.  Local 19 stands by its amended complaint and responds that it deserves an opportunity to take discovery.  The affidavit is premature at this early stage of the lawsuit and is not appropriate for consideration on a motion to dismiss for failure to state a claim.  See Fed. R. Civ. P. 12(d).  Accordingly, we will deny the joint motion to dismiss the claims against Keating and Towne & Country for failure to state a claim.

We will also deny the joint motion of Keating and Towne & Country for a more definite statement of the amended complaint. We have reviewed the defendants' arguments and find them to be without merit.

Finally, defendants Keating and Towne & Country specifically move to dismiss "all claims arising from the 'Audenreid School' project contract."  They argue that the Audenreid School contract was executed prior to the execution of the Partnership Agreement and that it therefore could not fall within the scope of the latter agreement.  Because discovery has

not yet occurred, consideration of this affidavit is again
premature and certainly has no place in our deciding a motion to
dismiss under Rule 12(b)(6).   Accordingly, we will deny at this
time the motion to dismiss the claims arising out of the
Audenreid School project.